UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 SEP -3 AM 8:44

U.S. DISTRICT COURT
N.D. OF ALABAMA

HARRY C. VAUGHN, JR., et al., ]
    Plaintiff(s), ]
vs. ]  CV-03-CO-1341-S
WASHINGTON NATIONAL ]
INSURANCE COMPANY, et al., ]
    Defendant(s). ]

ENTERED
SEP 03 2003

MEMORANDUM OF OPINION

I.   Introduction.

Presently before the court is a motion to remand, filed by Plaintiffs on July 20, 2003. [Doc. # 9.] Upon due consideration, and for the reasons that follow, the court is of the opinion that the motion is due to be granted.

II.   Factual summary.

Plaintiffs, Harry C. Vaughn, Jr., and Diane A. Vaughn ("Vaughn"), filed their complaint against the defendants in the Circuit Court of Jefferson County, Alabama. Defendants removed this action on the 5th day of June 2003, pursuant to 28 U.S.C. § 1441(a) and (b). The defendants assert in their notice of removal [Doc. #1] that this court has original jurisdiction of this case under 28 U.S.C. § 1332(a) based on the diversity of citizenship of



the parties.  28 U.S.C. § 1332(a) does confer jurisdiction on the Federal District Courts in cases between citizens of different states when the jurisdictional amount is met.

Plaintiffs argue that complete diversity does not exist because of the inclusion of Underwriting Services of Alabama as a defendant in the originally filed complaint.  Defendants assert that Underwriting Services of Alabama should not be considered in determining diversity because Underwriting Services of Alabama was fraudulently joined to avoid diversity.

III. Discussion.

This court must determine whether the parties are completely diverse, and whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  It is clear from the complaint and the lack of argument from the plaintiffs that the jurisdictional amount is met.  This court will therefore turn to the question of diversity.  Because the defendants removed this action, they have the burden of establishing the propriety of subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Defendants cite this court to *Cabalceta v. Standard Fruit Co.*, 883 F. 2d 1553 (11th Cir. 1989) for the test to be applied when it is alleged that the non-diverse party is fraudulently joined.

> The test for determining whether or not a defendant has been fraudulently joined is

> twofold: (1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court.

*Cabalceta* at 1561.

This is indeed a difficult burden for the removing party to meet. It is further compounded by the fact that "[i]n addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Id.* at 1561.

Defendants do not contend that the plaintiffs fraudulently pled jurisdictional facts in their complaint but instead rely on the first prong of the test described in *Cabalceta*. The question presented to this court is, therefore, did the defendants carry the burden of proving that ". . . there is no possibility the plaintiff[s] can establish any cause of action against the resident defendant[?]". The answer is clearly that they did not carry that difficult burden.

IV. Conclusion and Order.

In sum, this court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. The motion to remand is due to be GRANTED.

Done, this 2nd day of September, 2003.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

F:\WPDOCS\Coogler\JudgeCo\Judge Orders\CV-03-1341 Opin Remanding Defdt Not Fraud Joined.wpd